**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-18-621 |
| JOHN DOE, subscriber assigned | § | |
| IP address 99.90.89.28, | § | |
| | § | |
| Defendant. | § | |

**AMENDED ORDER GRANTING LEAVE TO SERVE THIRD-PARTY
SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

In this copyright infringement case, Malibu Media, LLC has filed an *ex parte* motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference.[1]  (Docket Entry No. 6). Malibu Media seeks leave to serve a third party subpoena on AT&T Internet Services, the defendant John Doe's internet service provider, to obtain identifying information of the defendant John Doe. *Id.* at 7.  Based on the motion and the evidence, the court finds the motion has merit and grants the request to serve the subpoena.

A showing of good cause is required for a plaintiff to obtain an order identifying the accounts associated with Internet Protocol (IP) addresses.  This requires "(1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) [consideration of] the user's expectation of

---

[1]  Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the court orders otherwise.

1

privacy." *Well Go USA, Inc., v. Unknown Participants*, 2012 WL 4387420 at *1 (S.D. Tex. 2012) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 114 (2d Cir. 2010)).

Malibu Media's complaint alleges that its investigator established a direct TCP/IP connection with the defendant's IP address through which one or more digital media files containing Malibu Media's copyrighted works were downloaded, infringing Malibu Media's copyright. (Docket Entry No. 1 at 4); (Docket Entry No. 1-1). Malibu Media has only been able to identify the defendant by his or her IP address. (Docket Entry No. 1 at 2). To proceed in this action, Malibu Media seeks issuance of a subpoena to AT&T Internet Services to provide information sufficient to identify the defendant by name and address. (Docket Entry No. 6 at 16). Malibu Media has established that good cause exists for it to serve a Rule 45 subpoena on AT&T Internet Services. *See Davis v. Duncan Energy Partners L.P.*, 801 F.Supp.2d 589, 596 (S.D. Tex. 2011).

Malibu Media's *ex parte* motion, (Docket Entry No. 6), is granted to the extent that:

(1)     In accordance with Federal Rule of Civil Procedure 45, Malibu Media may serve the requested subpoena on AT&T Internet Services for the following information concerning the defendant identified by the IP address 99.90.89.28: name and current address. No telephone numbers are to be produced.

(2)     In addition to serving the subpoena, Malibu Media must serve AT&T Internet Services with a copy of its motion, exhibits, and this order.

(3)     AT&T Internet Services must comply with the subpoena by serving the defendant with copies of the subpoena and this order within 30 days after receiving the subpoena from Malibu Media. AT&T Internet Services may use reasonable means of service, including written notice sent to the last known address using either first-

class mail or overnight service.

(4)     If another internet service provider is identified in response to the subpoena as the internet service provider for the defendant John Doe, Malibu Media must move for leave to serve that internet service provider with a Rule 45 subpoena and show good cause.

(5)     Within 30 days after receiving a copy of the subpoena and this order, the defendant may file any motion with this court to quash the subpoena or to proceed anonymously. AT&T Internet Services may not turn over the defendant's identifying information to Malibu Media until this 30-day period expires. If the defendant files a motion to quash or modify the subpoena, AT&T Internet Services may not turn over any identifying information to Malibu Media until this court rules on the defendant's motion. If the defendant moves to quash or proceed anonymously, he or she must immediately notify AT&T Internet Services so that AT&T Internet Services is on notice not to release the defendant's information until the court rules on such motions.

(6)     If the 30-day period lapses without the defendant contesting the subpoena, AT&T Internet Services will have 14 days to produce the subpoenaed information to Malibu Media.

(7)     Malibu Media must serve the defendant with copies of all materials and information obtained about him or her.

(8)     Any information disclosed to Malibu Media in response to the subpoena may be used by Malibu Media solely for the purpose of protecting its rights as set forth in its

complaint.

(9)     Upon receipt of the subpoena, AT&T Internet Services must preserve all subpoenaed information pending the resolution of any timely filed motion to quash.

(10)    Malibu Media must reimburse AT&T Internet Services for reasonable costs incurred in producing the requested information if AT&T Internet Services provides Malibu Media with a detailed invoice setting out the work performed.

        SIGNED on March 8, 2018, at Houston, Texas.

                                            Lee H. Rosenthal
                              Chief United States District Judge