**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Malibu Media, LLC § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. 4:18-cv-00621 |
| § | The Hon. Lee H. Rosenthal |
| John Doe § | |
| § | |
| Defendant. § | |

**JOHN DOE'S MOTION TO PROCEED ANONYMOUSLY**

Now Comes JOHN DOE, by and through counsel, Jonathan LA Phillips of Shay Phillips, Ltd., who moves this Court for leave to proceed anonymously. In support of his[1] Motion Doe states to the Court as follows:

**Introduction**

This Court should allow Doe to proceed anonymously through dispositive motions. Doing so will allow Doe to litigate without fear of social stigma that might otherwise force him to face social stigma that will prove unwarranted. This case involves intimate and private matters - the purported download of pornographic films. Until trial, Doe's privacy interests outweigh the openness afforded the public. If a dispositive motion by Doe fails and this matter proceeds to trial, Doe concedes that the public's interest in open proceedings may outweigh his privacy interest.

This motion is partially opposed. Local Rule 7.1. The parties conferred on the relief sought. Malibu does not oppose allowing Doe to proceed anonymously through discovery. However, Malibu opposes Doe bringing and defending dispositive motions under a pseudonym.

---

[1] John Doe will be referred to as a male throughout this document.

1

**Background & Procedural History**

Malibu is a pornographer and serial litigator, leveling its business-litigation model to district courts across the country. Malibu was formed on February 8, 2011 and has pushed forth a tsunami of suits since then. PACER, when searching for Malibu Media, LLC as a plaintiff in copyright suits, provides over 5,400 results – the maximum PACER allows. The Southern District of Texas has served as the venue for 141 of these suits.

Despite the nationwide campaign, Malibu does not take cases to full trials.[2] This may result from its business model's purpose in extracting quick-settlements, rather than litigating cases on their merits. S*ee, e.g., Third Degree Films, Inc. v. Doe*, Civil Action No. DKC 11-3007, 2012 U.S. Dist. LEXIS 59233, *11-12 (D. Md. Apr. 27, 2012); *see also, Malibu Media, LLC v. Downs*, No. 1:14-cv-707, 2015 U.S. Dist. LEXIS 165734, at *10 (S.D. Ohio May 26, 2015) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial."), *quoting, Malibu Media, LLC v. Does 1-10*, No. 2:12-cv-3623, 2012 U.S. Dist. LEXIS 89286, 2012 WL 5382304, at *4 (C.D. Cal. June 27, 2012). In fact, at least one Court entered summary judgment against Malibu when it failed to bring the evidence it claimed to have at the outset of the case. *Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798, at *39 (N.D. Ill. Feb. 8, 2016).

This iteration of Malibu's business-litigation strategy began when Malibu filed its boilerplate Complaint against an unknown person, based upon an Internet protocol ("IP") address. (Doc. 1). That IP address does not identify the infringer, just the person paying the bill for the account. *Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798, at *18-19 (N.D. Ill. Feb. 8, 2016).

---

[2] It should be noted that the Eastern District of Pennsylvania's "bellwether trial" was not a full trial, had no cross examination of experts, and involved defendants who either admitted to downloading or were caught tampering with evidence. This cannot be considered a full trial. *Malibu Media, LLC v. Does 1-22*, Case No. 5:12-cv-02088-MBB (E.D. Penn).

2

Despite not knowing whether Doe is the actual purported infringer, Malibu sought, and the Court granted, ex parte relief allowing Malibu to discover the identity of the person paying the bill for the IP address. (Docs. 8, 9). Doe now files this motion seeking leave to proceed anonymously through the dispositive motion stage of litigation.

## Governing law

The Fifth Circuit has recognized there are "exceptional cases" in which "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (internal quotation marks and citations omitted). Typically, these cases involve "sensitive and highly personal" matters. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).

When considering whether a party should be allowed to litigate under a pseudonym, the Court balances the party's privacy against the presumption of openness in court proceedings. *Stegall*, 653 F.2d at 186. The Fifth Circuit recognizes three characteristics where anonymity was found appropriate: (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, risking criminal prosecution. *Stegall*, 653 F.2d at 185.

## Argument

This case fits into the second category allowing anonymity in proceedings. It involves allegations of illicitly downloading pornographic films with graphic names. This is certainly "of the utmost intimacy." As the Central District of California recognized, social stigma regarding the download of pornographic films can drive innocent individuals to settle.

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below

3

>the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

*Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx), 2013 U.S. Dist. LEXIS 64564, at *1-2 (C.D. Cal. May 6, 2013)

**Argument**

A. <u>Doe may be embarrassed and intimidated into settlement if named in this action</u>

Courts recognize that plaintiffs in BitTorrent copyright cases, like this one, can rely upon shame and embarrassment to extract settlements from Does, some of whom are innocent. *See, Malibu Media, LLC v. Downs*, No. 1:14-cv-707, 2015 U.S. Dist. LEXIS 165734, at *10-17 (S.D. Ohio May 26, 2015)(documenting Malibu's "abusive litigation tactic[s]" and asserting Malibu intended t increase the court's "unwitting participation in a glorified shakedown."); *Ingenuity 13, LLC*, 2013 U.S.Dist. LEXIS 64564, at *1-2; *Sunlust Pictures v. Does 1-75*, Case No. 12-cv-1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations."); *Digital Sin v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012)(expressing "concern[] about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those individuals who downloaded [copyrighted pornography]"); *see also In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *3 (E.D.N.Y. May 1, 2012) ("the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time").. As far back as 2011, courts have recognized that a fundamental component of this type of litigation is that "the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle." *MCGIP, LLC v. Does 1-149*, Case No. 11-cv-2331,

2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011). Embarrassment and shame are real concerns in this and similar cases.

Malibu's films have names such as "Sex for Three by the Sea," "The Call Girl," "Deep Inside Gina," "Best Friends or Lesbians," and "Triple Blond Fantasy." (ECF Doc. 1-1). Association with the illicit download of pornographic films with titles such of these is embarrassing to many individuals. This is the intimate matter allowing the Court to let Doe proceed anonymously.

B. <u>Allowing Doe to proceed anonymously will do little, if any, harm to the public.</u>

Even if this Motion goes unopposed – as similar motions often do may consider the harm to the public in allowing Doe to proceed anonymously. Doe is only seeking to proceed under a pseudonym, and only through dispositive motions. Other than the pseudonym, no aspect of the litigation will change. He is neither seeking to have the entire case sealed, nor seeking to go through trial under a pseudonym.

In *Stegall*, the Fifth Circuit recognized that proceeding under a pseudonym does not "obstruct the public's view of the issues joined or the court's performance in resolving them." 653 F.2d at 185. In *Stegall* the plaintiffs availed themselves of the Court's authority and could still proceed anonymously. Malibu drug Doe into this embarrassing litigation. Doe did not come to court as a plaintiff seeking to benefit from litigation.

A similar situation existed in *Malibu Media v. Reynolds*. No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228 (N.D. Ill. Mar. 7, 2013). In that case, involving only the possibility of embarrassment, the Court allowed the Doe to proceed anonymously. *Id.* at *21-23. It noted that the privacy interests of the Doe were especially important where the IP address may not identify the actual user of the internet connection. *Id.* Similarly, this Court should find that any limited and particular harm the public may face is overcome by the likely embarrassment and shame of Doe.

This Southern District of Texas allowed Malibu defendants to proceed anonymously through discovery. *Malibu Media, LLC v. Doe*, No. H-17-0485, 2017 U.S. Dist. LEXIS 124920, at *5 (S.D. Tex. Aug. 8, 2017). Doe asks to proceed anonymously through dispositive motions as other district courts have allowed. If Doe can proceed anonymously only through discovery, Malibu's ability to leverage shame and embarrassment will still exist.

Malibu has shown an inability to prove up its case at summary judgment. *See, Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798, at *39 (N.D. Ill. Feb. 8, 2016). There, Malibu went through discovery and could not provide necessary evidence of infringement. It failed to provide data it allegedly relied on in bringing the case (Id. at *24-25, 35). "Notably, although [Malibu's expert] looked for evidence that Malibu's copyrighted works were or had been on Doe's devices, he does not say that he found any." *Id.* at *14. Despite lacking any evidence of infringement, Malibu still brought a summary judgment motion.

Malibu has shown a willingness to bring summary judgment motions without evidence to support its claims. Courts have recognized that Malibu has engaged in abusive litigation tactics. Doe fears that if this Court does not provide him anonymity through dispositive motions, Malibu can leverage his "outing" at a later stage of this case.

For these reasons, Doe requests that this Court allow him to proceed anonymously through dispositive motions. If Malibu prevails on a summary judgment motion, Doe could be named. If this case proceeds to trial, Doe could be named. But, he should not be named until Malibu has shown it can create at least a genuine question of material fact suggesting Doe infringed its films.

## Conclusion

After considering the minimal harm to the public and great harm to Doe, this Court should allow him to proceed anonymously through dispositive motions. Doe requests that this Honorable

Court grant leave for Doe to proceed anonymously through dispositive motions in this action, under the pseudonym of JOHN DOE. A proposed order is attached.

Respectfully submitted,
JOHN DOE, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Phillips, Ltd.
230 SW Adams Street
Suite 310
Peoria, Illinois 61602
Tel:     (309) 494-6155
Fax:    (309) 494-6156
Email:  jphillips@shay-law.com

**Certificate of Service**

Undersigned certifies and states that on May 24, 2017 he did file the foregoing document on CM/ECF, causing it to be served upon all counsel of record by means of electronic forwarding. Moreover, he served the same upon defendants having not appeared by placing the same in the US Mail, postage prepaid, addressed to the address on the summons on that same day.

/s/ Jonathan LA Phillips
