**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 4:18-cv-00621 |
| | § | |
| JOHN DOE subscriber assigned IP address | § | |
| 99.90.89.28, | § | |
| | § | The Hon. Lee H. Rosenthal |
| Defendant. | § | |

**DEFENDANT JOHN DOE'S ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS**

John Doe, by and through his attorney Jonathan LA Phillips, hereby files his Answer, Affirmative Defenses, and Counterclaims.

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER:**      Doe admits the claims are governed by the Copyright Act.

2.      Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

**ANSWER:**      Doe denies the allegation(s) of this paragraph.

3.      Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit").

**ANSWER:**      This allegation is a legal conclusion to which no response is required.

**Jurisdiction And Venue**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair

competition).

**ANSWER:**    Doe admits the allegation(s) of this paragraph.

5.      Plaintiff used proven IP address geolocation technology which has consistently

worked in similar cases to ensure that the Defendant's acts of copyright infringement

occurred using an Internet Protocol address ("IP address") traced to a physical address

located within this District, and therefore this Court has personal jurisdiction over the

Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint

in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in

substantial and not isolated business activity in this State.

**ANSWER:**    Doe admits he resides in this District. Doe denies all other allegations of this

paragraph.

6.      Based upon experience filing over 1,000 cases the geolocation technology used by

Plaintiff has proven to be accurate to the District level in over 99% of the cases.

**ANSWER:**    Doe is without sufficient information to admit or deny this allegation.

Therefore, he must deny it.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a

substantial part of the events or omissions giving rise to the claims occurred in this District;

and, (ii) the Defendant resides (and therefore can be found) in this District and resides in

this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue

for copyright cases) because Defendant or Defendant's agent resides or may be found in this

District.

**ANSWER:**     Doe admits he resides in this District. Doe Denies all other allegations of this

paragraph.

**Parties**

8.     Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company

organized and existing under the laws of the State of California and has its principal place of

business located at 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation.

Therefore, he must deny it.

9.     Plaintiff only knows Defendant by his, her or its IP Address. Defendant's IP address

is set forth on Exhibit A.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation.

Therefore, he must deny it.

10.     Defendant's Internet Service Provider can identify the Defendant.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation.

Therefore, he must deny it. Further, Doe denies that his Internet Service Provider can

identify the actual infringer, if any, of the works.

**Factual Background**

*I*     *Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

11.     The BitTorrent file distribution network ("BitTorrent") is one of the most common

peer-to-peer file sharing systems used for distributing large amounts of data, including, but

not limited to, digital movie files.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation.

Therefore, he must deny it.

3

12.     BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

13.     In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

14.     After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

15.     Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

16.     The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER:**    Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

17.    The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER:**    Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

18.    Plaintiff's investigator, IPP International UG ("IPP") established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER:**    Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

19.    IPP downloaded from Defendant one or more pieces of each of the digital media files identified by the file hashes listed on Exhibit A.

**ANSWER:**    Doe denies the allegation(s) of this paragraph.

20.    Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

**ANSWER:**    Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

21.    A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user.

**ANSWER:**   Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

22.     Each digital media file as identified by the file hash listed on Exhibit A has been verified to be a copy that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original work.

**ANSWER:**   Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

23.     Plaintiff owns the copyrights to the original works (the "Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

**ANSWER:**   Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

24.     Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibit A.

**ANSWER:**   Doe denies the allegation(s) of this paragraph.

25.     IPP connected, over a course of time, with Defendant's IP address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

**ANSWER:**   Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

26.     Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

**ANSWER:**     Doe is unaware what evidence Malibu has collected through its unlicensed investigators, but denies the characterization made by Malibu.

### Miscellaneous

27.     All conditions precedent to bringing this action have occurred or been waived.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

28.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

### COUNT I
### Direct Infringement Against Defendant

29.     The allegations contained in paragraphs 1-28 are hereby re-alleged as if fully set forth herein.

**ANSWER:**     Doe repeats his responses to these allegations.

30.     Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

31.     By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER:**     Doe denies the allegation(s) of this paragraph.

32.     Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER:**     Doe is without sufficient information to admit or deny this allegation. Therefore, he must deny it.

33.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

**ANSWER:**     This allegation is a legal conclusion to which no response is required.

34.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER:**     Doe denies the allegation(s) of this paragraph.

**Affirmative Defenses**

Without undertaking or otherwise shifting any applicable burden of proof, John Doe asserts the following defenses. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

First Affirmative Defense
*De Minimis Non Curat Lex*

1.      Upon information and belief, the Plaintiff generates millions of dollars in revenue by photographing and video recording sexual acts and selling those recordings via the Internet.

2.      Upon information and belief, the Plaintiff provides many of those recordings for free through third-party websites such as www.pornhub.com.

3.       Defendant has been accused of downloading 16 different films, all of which could have been downloaded through x-art.com for a mere $29.95.

4.      Defendant stands accused of providing small portions of data corresponding to the copyrighted works to Plaintiff's investigators.

5.      These pieces may prove to be of minimal creativity or protectable elements.

6.      These amounts are minimal and Plaintiff should take nothing based upon the doctrine of *de minimis non curat lex*.

Second Affirmative Defense
Failure to Mitigate Damages

7.      Plaintiff has hired IPP International UG ("IPP") to monitor the Internet for activities that allegedly infringe on its copyrights.

8.      IPP has managed to monitor the Internet sufficiently enough to provide Plaintiff with information that Plaintiff has used to bring legions of cases throughout the United States and identified Defendants IP Address as infringing some time ago.

9.      Plaintiff failed to take any steps to mitigate its damages.

10.      In particular, Plaintiff failed to make use of the relatively cheap takedown processes

under the Digital Millennium Copyright Act.

11.      Further, unlike other industry participants – the Recording Industry Association of

America and Motion Picture Association of America, Plaintiff has, upon information and

belief, failed to engage in the "Six-Strikes Copyright Alert System," or any other similar

system.

12.      Having failed to mitigate its damages, Plaintiff is entitled to no relief.

Third Affirmative Defense<br>Failure to State Cause of Action

13.      The facts alleged by Plaintiff are insufficient to state a cause of action against

Defendant.

Fourth Affirmative Defense<br>No Infringement

14.      Defendant has not engaged in or contributed to any infringement of the copyrights

alleged.

Fifth Affirmative Defense<br>Misuse of Copyright

15.      Plaintiff's claims are barred by the doctrine of misuse of copyright.

16.      Upon information and belief Plaintiff brought these claims as a means of revenue

generation, not to protect its rights, and has done so with knowledge it lacks adequate

technical evidence to prove its case.

Sixth Affirmative Defense<br>Failure to Join Indispensable Parties

17.      Plaintiff has failed to join indispensable parties, namely other participants in the so-

called swarms.

Seventh Affirmative Defense
Statutory Relief Not Available

18.     The one-satisfaction rule operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 to the extent that plaintiff has already recovered for alleged infringements in prior actions or settlements.

19.     Moreover, insofar as Plaintiff has received an award for statutory damages against other "swarm" transferring any particular film, Plaintiff's recovery should be limited to Doe's portion of that statutory award.

Eighth Affirmative Defense
No Willful Infringement

20.     Any infringement by Defendant was innocent and not willful.

21.     Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

Ninth Affirmative Defense
Acquiescence

22.     Plaintiff's claims are barred by the doctrine of acquiescence.

23.     Malibu knew of films being downloaded and did nothing.

Tenth Affirmative Defense
Estoppel

24.     Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff,

11

and any actions to download were induced by, and done in reliance on, Plaintiff's conduct. This is compounded by the fact that Plaintiff, upon information and belief, allows for free distribution of its films on so-called "tube sites."

Eleventh Affirmative Defense
Unclean Hands

25.     Plaintiff's claims are barred by the doctrine of unclean hands.

26.     Upon information and belief, the works complained of may have been created in violation of various ordinances and statutes such as ordinances concerning condom use while filming pornography, permit requirements for filming, and record keeping requirements concerning pornographic actors.

27.     Upon information and belief, Malibu obtained the information and data used to justify bringing this case by paying an unlicensed private investigator in violation of Texas state law.

Twelfth Affirmative Defense
Lack of Volitional Act

28.     Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

Thirteenth Affirmative Defense
Injunctive Relief not Warranted

29.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

30.     Moreover, the "Most Recent Hit UTC" (Doc. 1-2) suggests that any purported infringement is no longer ongoing.

## Fourteenth Affirmative Defense
### Intervening Causes

31.     Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

## Fifteenth Affirmative Defense
### Lack of registration

32.     Plaintiff brought its case before obtaining registrations for nine of the allegedly infringed works.

**Counterclaims Against Malibu Media, LLC**

By way of counterclaim against Malibu Media, LLC, defendant and counterclaimant John Doe says that:

The Parties

1.      Defendant is an individual residing in Houston, in this judicial district.

2.      Plaintiff/Counter-defendant, Malibu Media, LLC, (*d/b/a* "X-Art.com") is a limited liability company organized and existing under the laws of the State of California, having its principle place of business located at 409 W. Olympic blvd., Suite 501, Los Angeles, CA, 90015.

Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the U.S. Constitution, and arise out of common facts, transactions, or occurrences as provided under Rules 13 and 20 of the Federal Rules of Civil Procedure.

4.      This Court has personal jurisdiction over Plaintiff. Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

5.      Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

General Background for All Counterclaims

6.      Plaintiff is one of the most litigious copyright plaintiffs in recent history.

7.      Plaintiff creates pornographic works and sells subscriptions to users to view them.

8.      Legal scholars have gathered data demonstrating that pornography related Bittorrent litigation constitutes a significant portion of the United States District Courts' copyright caseload. Sag, M., *Copyright Trolling, An Empirical Study*, 100 Iowa L. Rev. 1105 (2015)

9.      Plaintiff has filed thousands of lawsuits against purported infringers that used BitTorrent to infringe on its copyrights in its pornographic films.

10.      In the past, Plaintiff filed so-called mass-Doe suits, wherein it filed against a wide array of purported infringers in a given district.

11.      More recently, Plaintiff has elected to sue smaller amounts of individuals

12.      In the past, Plaintiff has acknowledged that an IP address, alone, is insufficient to identify an infringer

13.      Yet, many John Does settle the claims brought against them.

14.      Upon information and belief, many John Does may have settled claims based on the very films allegedly infringed in the very swarms complained of here.

15.      Thus, it is not unlikely that Plaintiff has reached the statutory maximum for many of the copyrights that Plaintiff claims have been infringed or has already recovered statutory damages from other members of the swarms.

16.      Defendant has informed Plaintiff that he did not infringe the works in question.

17.      Defendant has informed Plaintiff of possible issues with its investigator's evidence, explaining that Malibu has had trouble bringing the purported evidence to bear on proceedings in the past.

18.      Defendant has informed Plaintiff that he did not download the films in question.

19.      Plaintiff has not undertaken any efforts to confirm or refute the same.

20.      The Defendant has been named as an infringer of copyrights, a claim he denies and suffers from.

21.      Doe may be publicly named as an infringer of the copyrights and he will further suffer.

22.     Plaintiff has indicated it wishes to publicly name Doe as the infringer at the conclusion of discovery.

23.     The Defendant wishes to clear his name of these accusations.

Count I – Declaratory Judgment of Non-Infringement

24.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

25.     There is an actual and justiciable controversy between the parties regarding Defendants purported infringement of Plaintiffs pornographic works.

26.     Internet service providers assign IP addresses to end user's, e.g. Defendant's, home routers that access the internet.

27.     IP addresses neither identify the computer connecting the router nor the person using the computer.

28.     Indeed, the best correlation that an IP address can provide is the bill-payer for a given internet account.

29.     Plaintiff has acknowledged that IP addresses do not identify infringers.

30.     Yet, Plaintiff wishes to publicly name the Defendant as an infringer of its copyright in pornographic works after discovery is concluded.

31.     Defendant did not infringe the copyrights complained of.

32.     Despite being notified that the Defendant did not infringe, of perceived issues with its case and investigations, and inviting a dismissal prior to litigation ramping up, Plaintiff has refused to dismiss this case.

        WHEREFORE, John Doe respectfully request that this Court enter judgment in his favor and against Malibu Media LLC, providing as follows:

   A.   Plaintiff take nothing from its complaint and its claims be dismissed with prejudice;

B.   Declaring that Defendant is not liable for infringing Plaintiff's copyrights;

C.   That Plaintiff has misused its copyrights and they should be unenforceable;

D.   Awarding Defendant his costs and reasonable attorneys' fees incurred during this action;

E.   Awarding Defendant all damages resulting from Plaintiff's actions complained of; and

F.   Any other relief this Court deems just.

### Demand for Jury Trial

Under Federal Rule of Civil Procedure 38, and any other applicable Rule or law, John Doe demands a trial by jury as to any issue triable by a jury.

Respectfully submitted,
John Doe, by

/s/ Jonathan LA Phillips
Jonathan L.A. Phillips
Attorney-in-Charge
Ill. Bar No. 6302752
Shay Phillips, Ltd.
230 Southwest Adams Street
Suite 310
Peoria, Illinois 61602
Tel:   (309) 494-6155
Fax:   (309) 494-6156
        jphillips@shay-law.com

### Notice of Filing & Certificate of Service

Undersigned certifies and states that on May 24, 2018, he filed the foregoing document using the Court's CM/ECF system. In doing so, he served the document on all counsel of record by electronic means on that same day.

/s/ Jonathan LA Phillips