UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No. 4:18-cv-00621 |
| v. | ) |
| JOHN DOE, subscriber assigned IP address 99.90.89.28, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOHN DOE'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel files this Response to Defendant John Doe's Motion to Proceed Anonymously [CM/ECF 12]. Plaintiff does not object to Defendant proceeding anonymously through discovery, but for reasons stated herein, does object to Defendant proceeding anonymously through dispositive motions.

**1. Plaintiff Does Not Employ Improper Litigation Techniques or Embarrass or Harass Defendants**

A large part of Defendant's argument for anonymity is that Defendant will be embarrassed and harassed into settlement if he is named in this action and that Plaintiff employs improper litigation techniques. Plaintiff does not harass or embarrass Defendants that are involved in its lawsuits. Plaintiff has a constitutional right under the Petition Clause to seek redress for the online infringement of its copyrights. Indeed, without the ability to obtain a subscriber's identity in an online infringement case, there is no remedy for online copyright infringement. Online infringement of Plaintiff's original creative works is rampant, and leaves Plaintiff no other option but to file suit against the owners of these IP addresses to obtain the infringer's identity.

Courts have held that Plaintiff does not engage in improper litigation techniques. "[Defendant] has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. May 17, 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH (E.D. Mich. May 16, 2013) (same).

Notably, after concluding a trial with Plaintiff, the Court found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 (E.D. Pa. June 18, 2013). Similarly, a Court stated: "the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. Feb. 12, 2013).  "The fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners." *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. Mar. 7, 2013); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP [CM/ECF 25] at p. 7 (M.D. Fla. July 6, 2012) (same).  Further, Defendant is represented by counsel, which clearly bars Plaintiff from communicating with Defendant directly.  "Malibu's offer to allow Doe to proceed anonymously in this case would protect Doe from embarrassment. It would be unfair to assume that Malibu would employ abusive litigation tactics without any evidence." *Malibu Media, LLC. v. Doe*, No. 15 CIV. 1834 JGK, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015).

**2. Defendant Should Be Allowed to Proceed Anonymously Through Discovery Only**

As stated above, Plaintiff has no objection to Defendant proceeding anonymously through discovery. In fact, Plaintiff never objects when a Defendant wishes to proceed anonymously through discovery. However, for purposes of dispositive motions, such as summary judgment, Plaintiff requests that the Defendant be named. Plaintiff has had issues in the past when attempting to proceed through summary judgment with an anonymous defendant. Courts have been unwilling to enter a judgment against a John Doe. Thus, Plaintiff has a right without a remedy.

Further, Defendant's right to privacy is limited in these cases. "[C]ourts have consistently held that there is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *Malibu Media, LLC v. Does*, 2012 WL 6019259, at *4 (N.D. Ind. Dec. 3, 2012). "[W]hen there is an allegation of copyright infringement, an individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address." *Malibu Media, LLC v. Does*, 2012 WL 6019259, at *4 (N.D. Ind. Dec. 3, 2012); *see also Raw Films, Ltd. V. John Does 1-15*, 2012 WL 1019067, at *8 (E.D. Pa. Mar. 26, 2012) (holding that individuals who use the internet to illegally copy and distribute copyrighted material have a minimal expectation of privacy since they "have already voluntarily given up certain information by engaging in that behavior").

For the foregoing reasons, Plaintiff asks that the Court limit and order granting Defendant John Doe's Motion to Proceed Anonymously to allowing Defendant proceed anonymously only through discovery.

Dated: June 14, 2018                                Respectfully submitted,

                                                    By: /s/ Paul S. Beik
                                                    PAUL S. BEIK
                                                    Texas Bar No. 24054444
                                                    S.D. Tex. ID No. 642213
                                                    BEIK LAW FIRM, PLLC

>8100 Washington Ave., Suite 1000
>Houston, TX 77007
>T: 713-869-6975
>F: 713-868-2262
>E-mail: paul@beiklaw.com
>**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

>By: /s/ Paul S. Beik
>PAUL S. BEIK