UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| Malibu Media, LLC | § |  |
|---|---|---|
| Plaintiffs, | § | |
| v. | § | Case No. 4:18-cv-00621 |
|  | § | The Hon. Lee H. Rosenthal |
| John Doe | § | |
| Defendant. | § | |

**JOHN DOE'S REPLY IN SUPPORT OF:**
**JOHN DOE'S MOTION TO PROCEED ANONYMOUSLY (DOC. 12)**

**Introduction**

Malibu Media, LLC opposes allowing John Doe to proceed anonymously through dispositive motions for two reasons. First, it claims it does not harass or embarrass defendants. Second, it claims – without citation to any example – it has had problems with securing judgments against John Doe's. Doe's argument concerning the lack of public harm from the limited restriction of his identity goes unchallenged. Neither of Malibu's two arguments justify embarrasing Doe through association with illicit download of pornographic films during dispositive motions.

**Argument**

I. <u>The implicit threat of embarrassment shows the need to allow Doe to proceed anonymously through dispositive motions</u>

First, John Doe did not accused Malibu of litigating with an aim of embarrassing him. Most of the other cited cases involved other BitTorrent pornographer plaintiffs. It did not need to be said. The threat is implicit. The possibility of being publicly named before he can prove his innocence through dispositive motions looms over Doe like a dark cloud. While it is not raining yet, it is smart to bring an umbrella. If Doe can prove his innocence at the dispositive motion stage, then there is no need to publicly name him. If it does, or the matter goes to trial, the Court can order him publicly named at that stage of the proceedings.

1

The lack of logic in the Response aside, Doe did not raise the multitudes of times that Malibu used shame and embarrassment as a litigation tool in his Motion. The implicit threat provides sufficient justification. But, Malibu's response playing down its litigation tactics compels Doe to explain his fear – based in part on Malibu's past behavior.

First, Courts sanctioned Malibu for filing infamous "Exhibit Cs." Those documents contain the titles of pornographic films that Malibu did not own and were not part of their cases. The titles were embarrassing, to put it mildly. In ruling on those eleven cases, the Western District of Wisconsin stated, "[n]othing is gained by filing this document publicly in unredacted form, except to harass and embarrass defendants into early settlements." *Malibu Media LLC v. Doe,* 2013 U.S. Dist. LEXIS 128615, * 8 (W.D. Wis. Sept. 10, 2013). After reviewing and rejecting Malibu's excuses for the filing, the court said:

> Malibu's denials do not pass the smell test, and any denial of improper motive by its counsel does not pass the laugh test. For the reasons described above, there exists no good basis upon which a reasonable attorney -- subject to the ethical rules and restrictions of Rule 11 -- could conclude that attachment of Exhibit C to a complaint "for evidentiary purposes only" served any legitimate purpose at that stage of litigation.

*Id.* at 11. The court sanctioned Malibu for its behavior. *Id.* at 15. Malibu also use Exhibit C in the Eastern District of Wisconsin. Again, the court issued sanctions. *Malibu Media, LLC v. Doe,* 2013 U.S. Dist. LEXIS 176701 (E.D. Wis. Dec. 12, 2013). That Court "doubt[ed] that Malibu Media has the resources to fully litigate even a fraction of this amount of cases. Malibu Media has the legal right to enforce its copyrights, but the sheer number of lawsuits corroborates the Court's belief that Exhibit C was being filed to coerce quick and early settlements." *Id.* at *10-11.

Malibu has not limited its intimidation to shame and embarrassment. In the Northern District of Illinois, the court ordered Malibu to provide a status report on its cases. Malibu complied. In its report, Malibu admitted to use of polygraph tests for defendants who wished to prove their innocence. *Malibu Media, LLC v. Doe*, Doc. 17, p. 4 Case No. 1:14-cv-00693 (N.D. Ill. Apr. 6, 2014). Mainstream

news outlets picked up on this revelation. *See, e.g.* Mullin, J., *Porn site that spews copyright suits uses lie detectors on defendants*, Arstechnica.com (Apr. 7, 2014), available at, https://arstechnica.com/tech-policy/2014/04/porn-site-that-spews-copyright-suits-uses-lie-detectors-on-defendants/. Does sued by Malibu conduct research upon receiving notice of a subpoens to their ISP. Finding articles such as this undoubtedly plant seeds of settlement in their head.

Third, Malibu has shown that it will bring a summary judgment motion, despite lacking the evidence to prove up its claims. *See, Malibu Media LLC v. Doe*, No. 13-cv-6312, 2016 U.S. Dist. LEXIS 14798, at *39 (N.D. Ill. Feb. 8, 2016).

The imminent threat of public embarrassment and shame is a powerful tool in Malibu's litigation model. It has used that threat in the past. And, it has used other questionable methods in its litigation. Allowing Doe to proceed anonymously levels the playing field by only allowing Malibu to embarrass him after it can show it has a case to take to a fact-finder.

II. <u>Malibu can proceed through dispositive motions, and this Court can enter appropriate orders, without naming Doe</u>

Malibu's next argument is that it has had trouble prosecuting its cases when a Doe remains anonymous. Notably, Malibu fails to cite to a single case where it had such trouble. In fact, Malibu has seen cases through summary judgment with a Doe defendant. In the Northern District of Illinois, the parties presented their dispositive motions while Doe proceeded under a pseudonym. *Malibu Media LLC v. Doe*, No. 13-cv-6312, 2016 U.S. Dist. LEXIS 14798, at *39 (N.D. Ill. Feb. 8, 2016).There can be no issues with getting through the dispositive issues.

In that case, the court granted Doe's motion for summary judgment and denied Malibu's. Thus, the court did not reach the issue raised by Malibu. That is, the court did not face any issue with entering an order or judgment against a John Doe. But, that issue is resolved easily enough.

If Doe prevails on a dispositive motion, he need never be named. If neither party prevails on a dispositive motion and the case proceeds to trial, the Court need only enter an order requiring a

filing naming Doe. If Malibu prevails on its dispositive motion, the Court need only require the parties to provide it with Doe's identity, and the order can be entered against the non-pseudonymous defendant. In fact, the Court could enter an order asking Doe's identity to be filed under seal.

There is no procedural issue with allowing Doe to proceed anonymously through dispositive motions. Doe submits that allowing him to proceed anonymously is the only means of ensuring that this case progresses on a level playing field.

## Conclusion

Doe disposed of both issues raised by Malibu. First, whether Malibu intends to use embarrassment as a tool in its litigation, as it has in the past, is of no consequence. The looming possibility provides sufficient justification to allow Doe to proceed anonymously. Malibu's protestations about procedural issues also fall flat. There are more than adequate means to avoid the issues Malibu speculates on.

Respectfully submitted,
JOHN DOE, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Attorney-in-Charge
Shay Phillips, Ltd.
230 SW Adams Street
Suite 310
Peoria, Illinois 61602
Tel:   (309) 494-6155
Fax:   (309) 494-6156
Email: jphillips@shay-law.com

**Certificate of Service**

Undersigned certifies and states that on June 28, 2018 he did file the foregoing document on CM/ECF, causing it to be served upon all counsel of record by means of electronic forwarding.

/s/ Jonathan LA Phillips